## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **WENDY WILKER and** | ( |
| **MICHAEL WILKER,** | ( |
| | ( |
| **Plaintiffs,** | ( |
| | ( |
| **v.** | ( **Civil Action No.: 2:07-CV-232-MEF** |
| | ( |
| **US SERVICES, LLC,** | ( |
| **a Foreign Corporation;** | ( |
| **WILLIE MURRAY ROBINSON,** | ( |
| | ( |
| **Defendants.** | ( |

### Answer of Defendant Willie Murray Robinson

COMES NOW the Defendant, Willie Murray Robinson and for answer to Plaintiffs' Complaint, and to each count and paragraph thereof, separately and severally, sets down and assigns the following separate and several defenses:

### FIRST DEFENSE

The same fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant denies each and every material averment of plaintiffs' Complaint and demands strict proof thereof.

### THIRD DEFENSE

The defendant denies that he was guilty of negligence on the occasion

complained of and denies that any alleged negligence on his part proximately caused said accident.

## FOURTH DEFENSE

The defendant denies that he was guilty of wanton conduct on the occasion complained of and denies that any alleged wanton conduct on his part proximately caused said accident.

## FIFTH DEFENSE

The defendant says that the plaintiff, Wendy Wilker, was guilty of negligence on the occasion of the alleged accident, which proximately caused or proximately contributed to cause the alleged accident, and plaintiffs' claims are barred by "contributory negligence."

## SIXTH DEFENSE

The defendant denies that there was any causal relationship between any of his alleged activities and the alleged injuries of the plaintiffs.

## SEVENTH DEFENSE

The defendant pleads the affirmative defense of "assumption of risk."

## EIGHTH DEFENSE

The defendant says that the accident complained of was the result of an "efficient intervening cause" and not proximately caused by any alleged negligence

of this defendant, and defendant pleads "efficient intervening cause."

## NINTH DEFENSE

The defendant denies that the plaintiffs were injured to the nature and extent claimed and contests damages.

## TENTH DEFENSE

The defendant says that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the United States.

## ELEVENTH DEFENSE

The defendant says that any award of punitive damages to plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

## TWELFTH DEFENSE

The defendant says that any award of punitive damages to plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related

to legitimate government interests.

### THIRTEENTH DEFENSE

The defendant says that any award of punitive damages to plaintiffs in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FOURTEENTH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

### FIFTEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant which are penal in nature by requiring a burden of proof on plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### SIXTEENTH DEFENSE

4

The defendant says that any award of punitive damages to plaintiffs in this case will be violative of the Eighth Amendment to the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### SEVENTEENTH DEFENSE

The defendant pleads: (1) general issue, (2) not guilty, (3) contributory negligence, (4) lack of causal relationship, (5) assumption of risk, (6) efficient intervening cause, and (7) contests damages.


_____

**JACK J. HALL**
Attorney for Defendant,
Willie Murray Robinson


**OF COUNSEL:**

**HALL, CONERLY & BOLVIG, P.C.**
Suite 1400 Financial Center
505 North 20th Street
Birmingham, Alabama  35203-2626
(205) 251-8143

5

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 5th day of April 2007, served a true and correct copy of the above and foregoing pleading on counsel for all parties to this proceeding by placing same in the United States Mail, properly addressed and first class postage prepaid, to:

Kenneth J. Mendelsohn
JEMISON & MENDELSOHN
P.O. Box 241566
Montgomery, Alabama 36124-1566

David E. Allred
DAVID E. ALLRED, P.C.
P.O. Box 241594
Montgomery, Alabama 36124-1594

_____
OF COUNSEL