IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILKER and | ) |
| MICHAEL WILKER, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| vs. | )    CASE NO. 2:07-cv-00232-MEF |
| | ) |
| US SERVICES, LLC; | ) |
| WILLIE MURRAY ROBINSON, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

## RESPONSE TO SHOW CAUSE ORDER
## IN OPPOSITION TO DEFENDANTS'
## MOTION FOR LEAVE TO AMEND ANSWER

NOW COME the plaintiffs, **WENDY WILKER** and **MICHAEL WILKER**, and, in response to the Court's Order to Show Cause why the defendants' motion to amend answer should not be granted (Doc. 44), states that the defendants have failed to make a showing of "good cause" for modification of the Scheduling Order pursuant to *Federal Rule of Civil Procedure* 16(b).  In support of this argument, the plaintiffs state as follows:

1.    The defendants seek to amend their answer to plead the doctrine of last clear chance nearly eight months after the deadline of July 16, 2007 for amended pleadings set forth in Section 4 of the Court's original Scheduling Order (Doc. 10).

2.    To permit the defendants to assert an entirely new defense after all discovery regarding fact witnesses is complete would be prejudicial to the plaintiff.

3.    The wreck made the basis of this suit occurred when the plaintiff, Wendy

Wilker, drove into the back of the defendants' tractor trailer rig which was parked in the middle of a two-lane rural county road at night.

4.     The trial of this matter was continued from its March 3, 2008 setting. The defendants first mention of raising the last clear chance doctrine as an affirmative defense came during the pre-trial hearing held on January 31, 2008.

5.     *Federal Rule of Civil Procedure* 16(b)(4) governing the modification of a scheduling order states that "A schedule may be modified only for good cause and with the judge's consent."

6.     This Court's Amended Scheduling Order (Doc. 42) expressly states in Section 3, "The deadline for filing motions to amend the pleadings and to add parties has expired and will not be extended."

7.     "The 'good cause' standard of Rule 16(b) is more stringent than the 15(a) standard and Rule 16 emphasizes evaluation of a party's diligence in seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-155 (1st Cir. 2004). See also *Leary v. Daeschner*, 349 F.3d 888, 909 6th Cir. 2003 (Once deadline for scheduling order is past, requirement for good cause under Rule 16(b) must be satisfied.); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2nd Cir. 2003) (After entry of a scheduling order, the lenient standard of 15(a) must be balanced against the more rigorous good cause requirement of Rule 16(b)).

8.     Regarding Rule 16(b), the Eleventh Circuit has stated "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless

and effectively would read Rule 16(b) in its good cause requirement out of the *Federal Rules of Civil Procedure*." *Millenium Partners v. Colmar Storage*, 494 F.3d 1293, 1299 (11th Cir.2007), <u>citing</u> *Sosa v. Air Print Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

9.    Neither a mistaken belief as to the Court's interpretation of the plain language of an affirmative defense nor the failure to timely amend a pleading due to a family emergency constitute a showing of good cause under Rule 16(b). *Blackledge v. Alabama Dept. of Mental Health*, 2008 WL 360632, 1 (M.D.Ala. 2008). In *Blackledge*, the defendant moved to amend its answer to assert the affirmative defense of statute of limitations more than a year after the time for amending the pleadings had expired under the Court's scheduling order. *Id.* The defendant argued that it was unaware that it had failed to sufficiently plead the statute of limitations as a defense until the court issued its order on summary judgment pointing out this fact. *Id.* In further support of its good cause argument, the defendant also argued that one of its counsel was out of town due to a family emergency for an extended period after the court's order on summary judgment had been issued and the defendant became aware of the need to amend its answer to reflect the statute of limitations as an affirmative defense.

The defendant's motion to amend its answer was denied:

The court declines to find that the district judge's interpretation of the plain language of the affirmative defenses set forth in defendants' answers constituted good cause for defendants' omission of the statutes of limitations defense. Further, although the court is sympathetic to counsel's need to attend to a family emergency, it cannot conclude that defendants had insufficient opportunity to raise the statute of limitations

defense as a result.

*Blackledge* at p. 2.

10.    In this case, the defendants have failed to make a showing of good cause. The only explanation given by the defendants for failure to comply with this Court's Scheduling Order is that its counsel "inadvertently" failed to plead the last clear chance doctrine. Just as the defendant's motion to amend its answer in *Blackledge* on the ground that it was not aware of the need to assert an affirmative defense was denied, having failed to make a showing of good cause, the defendant's inadvertence in failing to raise the last clear chance doctrine as an affirmative defense does not satisfy the good cause standard. With the defendants having been aware of the facts regarding how this accident occurred at the time that it filed its answer on April 5, 2007, there is no reason why the last clear chance doctrine could not have been pled as an affirmative defense at that time. Thus, the defendants' motion to amend their answer is due to be denied.

11.    Alternatively, should this Court find that the defendants' motion is well taken and that a showing of good cause has been made, allowing the defendants to amend their answer to plead the last clear chance doctrine, the plaintiffs also state that they should be permitted to re-depose the defendant driver in order to adequately address the issues raised in the amended answer.

WHEREFORE, THE PREMISES CONSIDERED, the plaintiffs move the Court to deny the defendants' motion for leave to amend their answer or, should the Court find the motion to be well taken, in the alternative, move the Court to issue an order allowing the plaintiffs

-4-

to re-depose Defendant Robinson.

Respectfully submitted,

_/s/ D. Craig Allred_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:
DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977
JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of March, 2008 electronically filed the foregoing *Response to Show Cause Order in Opposition to Defendants' Motion for Leave to Amend Answer* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Jack J. Hall, Esq.
Jack J. Hall, Jr., Esq.
HALL, CONERLY & BOLVIG, P.C.
Suite 1400 Financial Center
505 North 20th Street
Birmingham, Alabama   35203-2626

_/s/ D. Craig Allred_____
OF COUNSEL