IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-232-MEF |
| | ) |
| U.S. SERVICES, LLC, *et al.*, | ) (WO) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendants' Motion for Leave to Amend Answer (Doc. # 43), filed February 25, 2008. In this motion, Defendants seek leave to amend their answer to Plaintiff's Complaint to add the affirmative defense of "last clear chance." However, under Alabama law, the last clear chance doctrine is not an affirmative defense to a negligence claim; rather, it is a doctrine available to a victim to overcome the affirmative defense of contributory negligence. *See Campbell v. Alabama Power Co.*, 567 So. 2d 1222, 1228 (Ala. 1990) ("[A] plaintiff may not be denied recovery where he is contributorily negligent but the defendant fails to avoid harming him when the defendant has the "last clear chance" to avoid such injury.").

Defendants have pled the affirmative defense of contributory negligence. Because "last clear chance" is not an affirmative defense, but rather an independent theory of negligence liability, Defendants' Motion for Leave to Amend is moot and is due to be

DENIED.[1]

For the reasons stated above, it is hereby ORDERED that Defendants' Motion for Leave to Amend Answer (Doc. # 43) is DENIED AS MOOT.

DONE this the 25th day of March, 2008.

                                                /s/ Mark E. Fuller  
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The deadline set by this Court for amending the pleadings was July 16, 2007, almost eight months ago. Defendants have failed to show "good cause" for this untimely amendment as required by Federal Rule of Civil Procedure 16(b). For this additional reason, Defendants' motion is due to be DENIED.