IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WENDY WILKER and MICHAEL WILKER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No.:    2:07-CV-00232-MEF |
| U.S. SERVICES, LLC.; WILLIE MURRAY ROBINSON, et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO EXTEND DEADLINE
FOR IDENTIFICATION OF EXPERT WITNESS**

Comes now the Defendants in this case and move this Honorable Court to extend the time for the Defendants to identify expert witnesses in this case from July 29, 2008 until August 29, 2008 and as grounds in support of this Motion says as follows:

1. The Uniform Scheduling Order entered in this case on February 25, 2008 sets forth the following:

   Section 7. The parties shall disclose to each other the identity of any person who may be used at trial to present evidence of Rule 701, 702, 703 or 705 for the *Federal Rules of Evidence*, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved in giving expert testimony, required by *Rule 26(a)(2) of the Federal Rules of Civil Procedure* as follows:

   From the Plaintiff (s)- **June 30, 2008**
   From the Defendant (s) - **July 29, 2008**

   The Parties shall comply fully with all requirements of 26(a)(2) in regard to disclosure of expert testimony.

2. That the undersigned attended the Pre-Trial Conference on January 31, 2008 at which time this case was continued for Trial from March 3, 2008 and ultimately rescheduled for Trial on September 29, 2008. At that Conference the Court entered the following Order:

    c)    The deadline for disclosing the identity and reports of retained experts or witnesses whose duties as an employee of the party regularly involved in giving expert testimony, required by Federal Rule Civ. P 26(a)(2) is continued, subject to the condition that the deadline will be deemed to have expired for any expert that the party could reasonably have complied with its disclosure obligations prior to the previous deadline.

3. Since the Pre-Trial hearing on January 31, 2008 the Plaintiff, Wendy Wilker, has undergone surgical procedures on February 11, 2008 to remove hardware in the right foot and right tibia.

4. On May 8, 2008 Ms. Wilker had a surgical procedure for the left ankle anterior impingement with osteochondral defect and tibiotalar arthritis.

5. Plaintiff counsel was able to gather all medical records and forward them to Defense Counsel on June 25, 2008.

6. On June 30, 2008 Plaintiff counsel made an expert witness disclosure which included several health care providers who are physicians that he will call at the trial of this case as well as several physicians who he may call at the trial of this case.

7. The deposition of Dr. Glenn Terry is currently scheduled on August 11, 2008 and Defense counsel needs to discover certain opinions from Dr. Terry to determine whether or not the Defense will need to retain an expert witness. Based on conferences with Plaintiff counsel Dr. Terry was unable to do this any sooner than scheduled.

8. Attached is correspondence dated June 25, 2008 at which time Plaintiff counsel forwarded to Defense counsel copies of medical records which had been gathered by Plaintiff counsel. In the correspondence Plaintiff counsel represents as follows:

"Also, as I discussed with you, Ms. Wilker is continuing to have medical treatment and it appears that there will be more surgeries."

9. Due to the fact that Ms. Wilker is continuing to treat and there may be additional procedures needed the Defendants request this Honorable Court to extend the deadline for the Defendant to identify expert witnesses from July, 29, 2008 until August 29, 2008.

10. Although Section 6 of the Uniform Scheduling Order requires discovery to be completed on or before August 29, 2008, the Defendant's would make said expert available for deposition shortly after his identification, if the medical evidence supports the retention of an expert witness.

**WHEREFORE, PREMISES CONSIDERED,** the Defendants requests this Honorable Court to extend the deadline for identifying expert witnesses on behalf of the Defendant from July 29, 2008 until August 29, 2008.

                                                s/Jack J. Hall, Jr.
Jack J. Hall, Jr., Attorney for Defendants, US Services, LLC and Willie Murray Robinson.

**OF COUNSEL:**

HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205)251-8143

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 16th of July, 2008, served a true and correct copy of the above and foregoing pleading on counsel for all parties to this proceeding by electronic mail or by placing same in the U.S. mail, properly addressed and first class postage prepaid, to:

David E. Allred
DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594

Kenneth J. Mendelsohn
JEMISON & MENDELSOHN
1772 Platt Place
Montgomery, Alabama 36117

                                                /s/Jack J. Hall, Jr.
                                                OF COUNSEL

**DAVID E. ALLRED, P.C.**
*ATTORNEY & COUNSELOR AT LAW*

7030 FAIN PARK DRIVE, SUITE 9
MONTGOMERY, ALABAMA 36117
POST OFFICE BOX 241594
MONTGOMERY, ALABAMA 36124-1594

TELEPHONE: (334) 396-9200
FACSIMILE: (334) 396-9977

DAVID E. ALLRED
*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

E-MAIL:   dallred@allredpclaw.com

June 25, 2008

Jack J. Hall, Jr., Esq.
HALL, CONERLY & BOLVIG, P.C.
1400 Financial Center
505 North 20th Street
Birmingham, Alabama   35203-2626

    Re:    <u>Wendy Wilker and Michael Wilker v. US Services, LLC;</u>
             <u>Willie Murray Robinson, *et al.*</u>
             U. S. District Court, Middle District, Northern Division
             Case No:        2:07-cv-00232-MEF
             D/A:             1/17/07
             Your File No:   25036-041

Dear Jack:

       Enclosed herewith are CDs which contain the following information:

       1.     Two CDs containing all of the medical records and bills that we have in our office up to this date on Mrs. Wilker's medical treatment:

| | |
|---|---|
| Medical Bills: | Baptist East |
| | Baptist South |
| | The Hughston Clinic |
| | Summit Hospital |
| | Southern Orthopedic |
| | Neurology Consultants |
| | Summary of Medical Bills |
| Medical Records: | Baptist East |
| | Baptist South |
| | The Hughston Clinic |
| | Summit Hospital |
| | Southern Orthopedic |
| | Neurology Consultants |

Jack J. Hall, Jr., Esq.
June 25, 2008
Page Two


In keeping with your request this afternoon during one of our telephone conversations, I have made two CDs so that you will have one for your file and you will have a second one that can be sent to your client.

2. All records that were produced by Defendant US Services to the plaintiffs on December 27, 2007, in response to Plaintiffs' Request for Production:

 (1) Response of Defendant U. S. Services, LLC to Plaintiffs' First Request for Production of Documents - 8/20/07; Pages 1-5;
 (2) Vehicle Photos DOA; Pages 6-30;
 (3) Documents Produced - Scan 1; Pages 31-116;
 (4) Documents Produced - Scan 2; Pages 117-170; and
 (5) Documents Produced - Scan 3; Pages 171-228.

Also, as I discussed with you, Mrs. Wilker is continuing to have medical treatment and it appears that there will be more surgeries. We have all of the medical records with the exception of an office visit about ten days ago and those records are on the CDS referred to in paragraph number 1 of this letter. We have a standing request to the Hughston Clinic for updates for medical records as Mrs. Wilker has additional treatment and, as soon as we receive those records, we will send them to you.

Sincerely,

David

David E. Allred

DEA/bgf
Enclosures (*Via U. S. Mail*)
cc: Jack J. Hall, Jr., Esq. (*Via E-Mail*)