IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDY WILKER and )
MICHAEL WILKER, )
)
   *Plaintiffs,* )
)
vs. )  CASE NO. 2:07-cv-00232-MEF
)
US SERVICES, LLC; )
WILLIE MURRAY ROBINSON, *et al.,* )
)
   *Defendants.* )

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER / MOTION FOR PROTECTIVE ORDER

NOW COME the plaintiffs, WENDY WILKER and MICHAEL WILKER, and respond to the Court's Order Show Cause Order (Doc. 65) by stating that the defendants' Motion to Compel the Re-Deposition[1] of Plaintiff Wendy Wilker (Doc. 63) is due to be denied for the reasons set out herein. The plaintiffs further move for an Order protecting the plaintiff from oppression, annoyance, undue burden and expense pursuant to Rule 26(c), F.R.C.P.

  1.  The defendants' Motion to Compel (Doc. 63) is fatally deficient procedurally since it does not comply with Rule 30(a)(2)(B) of the *Federal Rules of Civil Procedure,* which "requires a party to seek leave of Court before calling a person for a second deposition." See *Peacock v. Merrill,* 2008 WL 509639 (S.D.Ala.). The defendants have not sought leave of Court.

---

[1] Plaintiff Wendy Wilker was extensively deposed by the defendants on October 12, 2007.

2.    Moreover, as demonstrated herein, the defendants' Motion to Compel is further due to be denied because the defendants, in seeking a second deposition, have failed to demonstrate entitlement to a second deposition pursuant to Rule 26(b)(2), *Federal Rules of Civil Procedure*, which sets out the Court's power to manage and limit discovery in situations where:

> "(i) the discovery sought is **unreasonably cumulative** or **duplicative**, or is **obtainable from some other source** that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had **ample opportunity** by discovery in the action to obtain the information sought; or (iii) the **burden or expense** of the proposed discovery **outweighs** its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." (*Emphasis supplied*)

**26(b)(c)(i):**

3.    The defendants have known from the outset in this case that Plaintiff Wendy Wilker received a substantial injury inasmuch as her injuries required a substantial initial hospitalization and several surgical procedures which were detailed in the deposition of one of her treating physicians, N. Tucker Mattox, taken on January 17, 2008.

4.    The defendants have also known that the expense of the plaintiff's treatment is substantial since the costs of that treatment, as set out in the plaintiff's Request for Admissions, exceeds $150,000.

26(b)(2)(ii); 26(h)(2)(iii):

5.     The defendants have made no effort to schedule the deposition of plaintiff's current treating physician, Dr. Glenn Terry, at the Hughston Clinic in Columbus, Georgia, although the defendants have known, due to supplemental discovery disclosures by the plaintiffs, that Dr. Terry has treated Wendy Wilker since August, 2007.

6.     Since the defendants have all the medical records of Plaintiff Wendy Wilker's treatment, from her treating physicians, the defendants have full knowledge of the details of Wendy Wilker's office visits, the complaints she has made to the doctors, the treatments she has received, and the advice given by those doctors, which information makes a second deposition unnecessary, as defendants have or could receive information from the health care providers regarding Wendy Wilker's medical treatment.

WHEREFORE, THE PREMISES CONSIDERED, as the defendants have failed to comply with Rule 30, which requires leave of Court; and Rule 26 as demonstrated herein, the plaintiffs move the Court to deny the defendants' request for a second deposition.

Respectfully submitted,


_/s/ David E. Allred_
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:

ALLRED & ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663


## CERTIFICATE OF SERVICE

I hereby certify that I have this 23rd day of July, 2008 electronically filed the foregoing *Plaintiffs' Response to Show Cause Order* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

Jack J. Hall, Jr., Esq.
HALL, CONERLY & BOLVIG, P.C.
Suite 1400 Financial Center
505 North 20th Street
Birmingham, Alabama   35203-2626


  /s/ David E. Allred
OF COUNSEL