IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILKER and<br>MICHAEL WILKER,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>US SERVICES, LLC;<br>WILLIE MURRAY ROBINSON, *et al.,*<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:07-cv-00232-MEF<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

NOW COME the plaintiffs, WENDY WILKER and MICHAEL WILKER, and respond to the Court's Order Show Cause Order (Doc. 67) by asserting that the defendants' Motion to Strike Plaintiffs' Supplemental Expert Witness List (Doc. 64) is not well founded and is due to be denied for the following reasons:

1. The plaintiffs were not required to name any of the witnesses identified in plaintiffs' witness lists filed July 11, 2008 (Docs. 53 and 54) because none of the witnesses are: " . . . retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony . . .". (See §7, Uniform Scheduling Order, Docs. 37 and 42; see also Doc. 40 at ¶3). Rather, the plaintiffs, out of an abundance of caution, merely listed the investigating officer, Trooper Andrew Sutley, as an expert because some of his testimony will or may involve his opinions.

2. Trooper Sutley is not a retained expert of the plaintiffs nor is he an employee of the plaintiffs who regularly gives testimony. Witness Sutley is simply the Alabama State Trooper who investigated the accident.

3. The plaintiffs deposed Trooper Sutley on January 11, 2008 and propounded questions to him about the accident without limitation.

4. The plaintiffs intend to call Trooper Sutley as the investigating officer and Trooper Sutler is expected to testify as to the matters and issues upon which he was extensively questioned by the defendants' counsel – nothing more, nothing less.

WHEREFORE, THE PREMISES CONSIDERED, the defendants' motion to strike is due to be denied, especially since Witness Sutley is neither a retained expert nor a witness whose duties as an employee of the plaintiffs regularly involve giving expert testimony; rather, the plaintiffs merely listed Trooper Sutley within the time for expert disclosure, so as to avoid a controversy during the trial about this issue.

Respectfully submitted,

/s/ David E. Allred
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:

ALLRED & ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:  (334) 213-2323
Facsimile:  (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 23rd day of July, 2008 electronically filed the foregoing *Plaintiffs' Response to Show Cause Order* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Jack J. Hall, Jr., Esq.
> HALL, CONERLY & BOLVIG, P.C.
> Suite 1400 Financial Center
> 505 North 20th Street
> Birmingham, Alabama   35203-2626

/s/ David E. Allred
OF COUNSEL