IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILKER, *et al.*, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07-cv-232-MEF |
| | ) |
| U.S. SERVICES, LLC, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## ORDER AND PROTECTIVE ORDER

Pending before the Court are *Defendants's Motion to Compel the Deposition of Wendy Wilker or Preclude Any Testimony Concerning Her Medical Treatment and Her Condition from October 12, 2007 to the Present* (Doc. 63, filed July 15, 2008) and *Plaintiffs' Response to Show Cause Order/Motion for Protective Order* (Doc. 72, filed July 23, 2008). For good cause, it is **ORDERED** the motion to compel (Doc. 63) is **DENIED** and the motion for protective order (Doc. 72) is **GRANTED**.

Plaintiffs are correct in that under Fed. R. Civ. P. 30(a)(2)(A)(ii) a party must obtain leave of court to depose a party more than once. The Court construes the motion to compel as Defendant seeking leave to conduct a second deposition.

Rule 30(a)(2)(A)(ii) is designed to protect a witness who has already been subjected to one deposition. *See, e.g. Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (granting protective order and quashing subpoenas issued to

witnesses previously deposed); *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 926-27 (8th Cir. 1999) (second subpoena quashed, finding that a second deposition would constitute, among other things, an undue burden on the deponent).  While multiple depositions of a party are permissible, in this instance, the information sought may be obtained from other sources including the upcoming deposition of Dr. Glenn Terry[1] and through Plaintiff's medical records.  Defendant's assertion that a deposition is the only method by which they can obtain the information on Plaintiff's medical treatments is incorrect in that the information can certainly be obtained through her medical records, medical bills, or the testimony of Dr. Terry, her treating physician.  The Court finds a second deposition of Plaintiff Wendy Wilker is unnecessarily cumulative and unduly burdensome.

For good cause and pursuant to Fed. R. Civ. P. 26(c), the Court enters a protective order prohibiting the second deposition of Wendy Wilker.

DONE this 25th day of July, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[1] In the motion to compel, Defendant indicates the deposition of Dr. Glenn Terry is scheduled for August 11, 2008.  However, in their response, Plaintiffs indicate defendants have not scheduled the deposition of Dr. Glenn Terry.  The Court can only assume the deposition is scheduled and will proceed.