IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDY WILKER and           )
MICHAEL WILKER,            )
                           )
            *Plaintiffs,*   )
                           )
vs.                        )      CASE NO. 2:07-cv-00232-MEF
                           )
US SERVICES, LLC;          )
WILLIE MURRAY ROBINSON, *et al.,*   )
                           )
            *Defendants.*   )


## MOTION TO COMPEL
## RESPONSES TO DISCOVERY REQUESTS

NOW COME the plaintiffs, WENDY WILKER and MICHAEL WILKER, and move the

Court to compel the defendants to respond to plaintiffs' discovery requests and/or

supplement previous responses to the plaintiffs' discovery requests as follows:


I.    PLAINTIFFS' FIRST REQUEST FOR PRODUCTION[1]:

On May 2, 2007, the plaintiffs filed "Plaintiffs' First Request for Production of

Documents to Defendant US Services, LLC", which seeks:

A.    Request for Production Number 2 states:

"2.    Produce the accident register maintained as required in
49 CFR 390.15(b) to include the motor vehicle collision
with plaintiff and all accidents three years prior to
January 17, 2007."

---

[1] A copy of plaintiffs' Request for Production dated May 2, 2007 is attached hereto as Exh. A.

The defendants responded by producing only the accident register showing the accident made the basis of this suit. The defendant's safety manager, Wendy Amram, has testified on deposition taken July 1, 2008, that Defendant US Services maintains the accident register and that it is in her possession. The plaintiffs are in need of the requested portions of the accident register in order to properly prepare and present their case.

B.     Request for Production Number 5 seeks:

"5.     Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident."

The defendants have responded that Defendant Robinson is the only US Services driver who did not have a written lease agreement in effect. The plaintiff has asked for an exemplar of the lease agreements referenced by US Services' manager, Adam Jacobson, in his deposition on December 27, 2007. The exemplar has been promised on several occasions by defense counsel, but has not been produced. The plaintiffs are in need of the exemplar lease agreement in order to prepare and present their case against these defendants.

C.     Request for Production Number 13 states:

"13.     Produce all logs–official or unofficial–of Willie Murray Robinson for the six months before the collision and for thirty days after the collision."

The defendants have produced only a small portion of Robinson's logs. The driver logs are crucial in this case inasmuch as this collision occurred when Robinson was, in fact, illegally parked in the plaintiff's lane of travel while filling out his log books. The plaintiffs are in need of the requested log books in order to prepare and present their case.

D.    Request for Production Number 28 states:

"28.    Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision."

The plaintiffs have produced the declarations page, a single sheet, however, have not produced the policy as requested. This information was also due to be produced in the defendants' initial disclosures shortly after the commencement of this action in this Court. The defendants have recently contended that the insurance policy which they have failed to produce somehow would not cover some of the damages sought by the plaintiffs. Without question, the plaintiffs are entitled to a copy of the insurance policy in order to assess the defendants' allegations of non-coverage.

II.    PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION (FILED JUNE 30, 2008)[2]:

Request for Production Number 35 states:

"35.    Please produce copies of all documents received by the defendants, their attorneys, investigators, adjusters, or detectives, from any non-party including, but not limited to, any former or current employer of Wendy Wilker and any health care provider of Wendy Wilker."

The defendant has objected to producing those documents on the basis that the documents " . . . are prepared in anticipation for litigation, attorney work product, or documents which are irrelevant."

---

[2]A copy of Plaintiffs' Supplemental Request for Production (Number 35) is attached hereto as Exh. B.

The plaintiffs request, pursuant to Rule 26(b)(5), that the defendants provide a privilege log identifying the documents so as to enable the plaintiffs to assess the claims of privilege. Moreover, the plaintiffs are entitled to have copies of any documents received by the defendants so as to avoid a surprise at trial. Specifically, but without limitation, it is plaintiffs' understanding that defendants subpoenaed and received documents from her employer, Sabic Plastics, however, those documents have not been forwarded to plaintiffs' counsel as requested.

III.   PLAINTIFFS' SUPPLEMENTAL REQUEST FOR PRODUCTION TO DEFENDANTS (FILED JUNE 30, 2008) (NUMBERS 36 THROUGH 42)[3]:

Plaintiffs filed supplemental requests for production (numbers 36 through 42) on June 30, 2008 seeking information subsequent to depositions taken of the defendants' witnesses. The defendants have not made any response to these discovery requests although the time for response has expired. The plaintiffs are in need of the requested information in order to prepare and present their case (the plaintiffs withdraw Supplemental Request for Production Number 42).

IV.   RULE 37(A)(1) CERTIFICATION:

Pursuant to Rule 37(a)(1), plaintiffs' counsel states that efforts have been made to obtain the requested discovery without Court action as follows:

---

[3]A copy of Plaintiffs' Supplemental Request for Production (Numbers 36–42) is attached hereto as Exh. C.

(a)    Attached hereto as Exhibits D, D-1, D-2 is correspondence to defendants' counsel dated August 21, 2008 which recaps the efforts to obtain defendants' responses to the subject discovery requests, which efforts culminated on August 21, 2008 by e-mail correspondence (see Exhs. D, D-1, D-2).

(b)    On Thursday, July 31, 2008, plaintiffs' counsel agreed to an extension request through and including Friday, August 8th, for the defendants to file responses to all of plaintiffs' outstanding discovery requests (see Exh. D-1).

(c)    On Friday, August 8, 2008, plaintiffs' counsel agreed to a request for an additional extension through Monday, August 11th, for the defendants to send responses (see Exh. D-1).

(d)    On Tuesday, August 12, 2008, plaintiffs' counsel agreed to an additional extension through August 12, 2008 to file responses to the plaintiffs' discovery (see Exh. D-1).

(e)    On Tuesday, August 12, 2008, plaintiffs' counsel again agreed to an additional day through and including August 13, 2008 to file the discovery responses (see Exh. D-1).

Although responses were due 30 days from the June 30, 2008 discovery requests, and although plaintiffs' counsel has agreed to four extensions, the discovery responses and supplements have not been received.

This case is set to be tried on the Court's September 29, 2008 docket and the pre-trial is scheduled for August 28, 2008. Therefore, the plaintiffs move the Court to enter an Order

compelling the defendants to provide responses to the requested discovery on or before

Friday, August 29, 2008.

Respectfully submitted,

__/s/ David E. Allred_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:

ALLRED & ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977
E-Mail:        dallred@allredpclaw.com
               callred@allredpclaw.com

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have this 25th day of August, 2008 electronically filed the foregoing *Motion to Compel Responses to Discovery Requests* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

> Jack J. Hall, Jr., Esq.
> HALL, CONERLY & BOLVIG, P.C.
> Suite 1400 Financial Center
> 505 North 20th Street
> Birmingham, Alabama   35203-2626

  /s/ David E. Allred        
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDY WILKER and )
MICHAEL WILKER, )
           )
      *Plaintiffs,* )
           )
vs. )     CASE NO. 2:07-cv-00232-MEF
           )
US SERVICES, LLC; )
WILLIE MURRAY ROBINSON, *et al.,* )
           )
      *Defendants.* )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT US SERVICES, LLC

Pursuant to the *Federal Rules of Civil Procedure*, plaintiffs request that the defendant, US Services, LLC, produce the following documents and things within the time required by law:

1.       Produce any and all accident and/or incident reports and investigations prepared by this defendant as a result of the crash other than the police report.

2.       Produce the accident register maintained as required in 49 CFR 390.15(b) to include the motor vehicle collision with plaintiff and all accidents three years prior to January 17, 2007.

3.       If ISO certified, please produce all ISO Certification documents.

4.       Produce all documents prepared concerning all inspections performed on the tractor and trailer involved in this accident.



EXHIBIT

A

5.      Produce all leases and contracts that were in effect for the cab and trailer on the day of the accident.

6.      Produce the entire personnel file of Willie Murray Robinson.

7.      Produce the entire driver qualification file of Willie Murray Robinson.

8.      Produce the entire drug and alcohol file of Willie Murray Robinson, including, but not limited to, pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

9.      Produce the entire safety performance history file or its equivalent for Willie Murray Robinson.

10.     Produce any other file or document of any kind kept concerning Willie Murray Robinson.

11.     Produce any and all payroll and benefit records for Willie Murray Robinson for five years prior to the collision to one year after.

12.     Produce any and all canceled checks of any kind paid to Willie Murray Robinson for twelve months prior and six months after the collision.

13.     Produce all logs–official or unofficial–of Willie Murray Robinson for the six months before the collision and for thirty days after the collision.

14.     Produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Willie Murray Robinson prior to the collision.

15.    Produce all records of Willie Murray Robinson for the seven days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which the defendant is required to maintain under 49 CFR 395.8(k).

      a.    Bills of lading;

      b.    Carrier pros;

      c.    Freight bills;

      d.    Dispatch records;

      e.    Driver call-in records;

      f.    Gate record receipts;

      g.    Weight/scale tickets;

      h.    Fuel billing statements and/or summaries;

      i.    Toll receipts;

      j.    International registration plan receipts;

      k.    International fuel tax agreement receipts;

      l.    Trip permits;

      m.    Lessor settlement sheets;

      n.    Port of entry receipts;

      o.    Cash advance receipts;

      p.    Delivery receipts;

      q.    Lumper receipts;

      r.    Interchange and inspection reports;

s.    Over/short and damage reports;

t.    Agricultural inspection reports;

u.    Commercial Vehicle Safety Alliance reports;

v.    Accident reports;

w.    Telephone billing statements;

x.    Credit card receipts;

y.    Driver fax reports;

z.    On-board computer reports;

aa.    Border crossing reports;

bb.    Custom declarations;

cc.    Traffic citations;

dd.    Overweight/oversize reports and citations;

ee.    And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

16.    Produce any and all cellular and telephone records and bills of the defendant for the day of the motor vehicle collision with plaintiff and seven days prior.

17.    Produce any and all credit card bills and receipts for Willie Murray Robinson the month of the motor vehicle collision with plaintiff.

18.    Produce copies of any and all fuel tax reports of Willie Murray Robinson for the year of this collision.

19.     Produce any and all state safety audits of Willie Murray Robinson for the year of this collision and three years prior.

20.     Produce any and all federal accident reports filed by Willie Murray Robinson the year of this collision and three years prior.

21.     Produce any and all DOT inspection reports filed by Willie Murray Robinson for the year of this collision and three years prior.

22.     Produce any and all long form DOT physicals of Willie Murray Robinson.

23.     Produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Willie Murray Robinson for the month of this collision.

24.     Produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one year prior.

25.     Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or any time after.

26.     Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Willie Murray Robinson.

27.     Produce copies of any and all satellite communications and e-mail for the day of the collision and seven days prior, as well as all recorded ECM (electronic control

module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available, including but not limited to:

  a.  trip distance;

  b.  total vehicle driving time;

  c.  load factor;

  d.  vehicle speed limit;

  e.  maximum vehicle speed recorded;

  f.   number of hard brake incidents;

  g.  current engine speed (rpm);

  h.  maximum and minimum cruise speed limits;

  I.  total vehicle driving distance;

  j.  fuel consumption (gal./hr.);

  k.  idle time;

  l.  engine governed speed;

  m.  maximum engine speed recorded;

  n.  current throttle position;

  o.  brake switch status (on/off);

  p.  odometer;

  q.  trip driving time;

  r.  overall fuel economy (MPG);

  s.  average driving speed;

t.      number of engine overspeeds;

u.      number of vehicle overspeeds;

v.      current vehicle speed (MPH);

w.      clutch switch status (on/off);

x.      clock; and

y.      jake brake status.

28.     Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

29.     Produce a copy of the completion or non-completion of any safe driving programs by Willie Murray Robinson.

30.     Produce a copy of the driver manual or handbook issued to Willie Murray Robinson.

31.     Produce a copy of the company safety rules issued to Willie Murray Robinson.

32.     Produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the inspections, repairs, maintenance, and costs for the tractor and/or trailer involved in the motor vehicle collision with plaintiff.

33.     Please produce the printout(s) from any database identified in Interrogatories No. 12, 13, 20, and 21 for the one year preceding the January 17, 2007 motor vehicle collision with plaintiff.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
Post Office Box 241566
Montgomery, Alabama 36124-1566
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Plaintiffs' First Request for Production of Documents to Defendant US Services, LLC* upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 2nd day of May, 2007:

> Jack J. Hall, Esq.
> Jack J. Hall, Jr., Esq.
> HALL, CONERLY & BOLVIG, P.C.
> Suite 1400 Financial Center
> 505 North 20th Street
> Birmingham, Alabama   35203-2626

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDY WILKER and ) 
MICHAEL WILKER, )
 )
*Plaintiffs,* )
 )
vs. )    CASE NO. 2:07-cv-00232-MEF
 )
US SERVICES, LLC; )
WILLIE MURRAY ROBINSON, *et al.,* )
 )
*Defendants.* )

## PLAINTIFFS' SUPPLEMENTAL
## REQUEST FOR PRODUCTION TO DEFENDANTS

NOW COME the plaintiffs, by and through their attorney, and request that the defendants produce the following documents, separately and severally, pursuant to the *Federal Rules of Civil Procedure*:

35.    Please produce copies of all documents received by the defendants, their attorneys, investigators, adjusters, or detectives, from any non-party including, but not limited to, any former or current employer of Wendy Wilker and any health care provider of Wendy Wilker.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

**EXHIBIT**

**B**

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:   (334) 213-2323
Facsimile:    (334) 213-5663

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing *Plaintiffs' Supplemental Request for Production to Defendants* upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 30th day of June, 2008:

Jack J. Hall, Jr., Esq.
HALL, CONERLY & BOLVIG, P.C.
Suite 1400 Financial Center
505 North 20th Street
Birmingham, Alabama  35203-2626

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WENDY WILKER and )
MICHAEL WILKER, )
           )
         *Plaintiffs,* )
           )
vs. )      CASE NO. 2:07-cv-00232-MEF
           )
US SERVICES, LLC; )
WILLIE MURRAY ROBINSON, *et al.,* )
           )
         *Defendants.* )

## PLAINTIFFS' SUPPLEMENTAL
## REQUEST FOR PRODUCTION TO DEFENDANTS

NOW COME the plaintiffs, by and through their attorney, and request that the defendants produce the following documents, separately and severally, pursuant to the *Federal Rules of Civil Procedure:*

36.     A copy of all documents, loan agreements, memoranda regarding loans or advancements to Willie Murray Robinson from US Services, LLC, concerning:

(a)     The "David burgundy Volvo" referred to in the deposition of Willie Murray Robinson; and

(b)     The "RTO" or "LTO" arrangement referred to page 61 of Willie Murray Robinson's deposition as "... a contract for lease-purchase for 82 weeks at 250 per week ...". See an exemplar of documents utilized



EXHIBIT

C

by Defendant US Services with other drivers concerning a "RTO" or "LTO" arrangement concerning the purchase of trucks.

37.     A roster of all drivers with US Services who Defendant US Services contends have a "owner-operator lease agreement" as referred to page 10, line 13 of Adam Jacobson's deposition.

38.     The attendance roster for all safety meetings or driver meetings attended by Willie Murray Robinson as required by US Services.

39.     The policy, procedures, and requirements of Defendant US Services for retention or termination of drivers regarding the number of accidents and tickets as referred to on pages 12 and 13 in the deposition of Adam Jacobson.

40.     An exemplar of the lease which Defendant US Services:

(a)     Contends was the "original lease" between Robinson and US Services; and

(b)     Is the "same exact lease" referenced by Adam Jacobson as the "same exact lease" and which " . . . should have been provided at some point . . .".

41.     All leases, contracts, or agreements between Willie Murray Robinson and US Services as of the date of the defendants' responses to these supplemental requests for production.

42.    Supplemental responses to the plaintiffs' requests for production filed May

2, 2007, to which the defendants produced documents to the plaintiffs on December 27,

2007, although Defendant US Services' response states that it is dated August 20, 2007.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiffs

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:    (334) 396-9200
Facsimile:    (334) 396-9977

JEMISON & MENDELSOHN, P.C.
1772 Platt Place
Montgomery, Alabama 36117
Telephone:    (334) 213-2323
Facsimile:    (334) 213-5663

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing *Plaintiffs' Supplemental Request for Production to Defendants* upon the following counsel of record in this cause by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 30th day of June, 2008:

> Jack J. Hall, Jr., Esq.
> HALL, CONERLY & BOLVIG, P.C.
> Suite 1400 Financial Center
> 505 North 20th Street
> Birmingham, Alabama   35203-2626

_____

OF COUNSEL

-4-

# ALLRED & ALLRED, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

---

7030 FAIN PARK DRIVE, SUITE 9
MONTGOMERY, ALABAMA 36117
POST OFFICE BOX 241594
MONTGOMERY, ALABAMA 36124-1594

---

**DAVID E. ALLRED**
*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

TELEPHONE: (334) 396-9200
FACSIMILE: (334) 396-9977

E-MAIL:    dallred@allredpclaw.com

August 21, 2008

Jack J. Hall, Jr., Esq.
**HALL, CONERLY & BOLVIG, P.C.**
1400 Financial Center
505 North 20th Street
Birmingham, Alabama   35203-2626

*Via E-Mail jack.halljr@hallconerly.com*

     Re:   **Wendy Wilker and Michael Wilker v. US Services, LLC;**
          **Willie Murray Robinson,** *et al.*
          U. S. District Court, Middle District, Northern Division

| | |
|---|---|
| Case No: | 2:07-cv-00232-MEF |
| D/A: | 1/17/07 |
| Your File No: | 25036-041 |

> **EXHIBIT**
>
> tabbies
>
> **D**

Dear Jack:

    This will serve to address several discovery issues concerning which the defendants have failed to respond properly and which I ask that you attend to immediately since time in the case is short. I have enclosed an additional copy of e-mails that I have sent you following your calls to me asking for numerous extensions to respond to the plaintiffs' discovery. As you will note, I agreed to every one of your requests, but, unfortunately, the promises that you have made about responding to the discovery were not kept and I still do not have the discovery responses. Similarly, the defendants' responses to earlier discovery requests are inadequate. The details of the plaintiffs' position on discovery are as follows:

    *Plaintiffs' First Request for Production* (filed May 2, 2007 [one year and three months ago]):

    *Request for Production Number 2* seeks the accident register. Wendy Amram testified that Defendant US Services maintains the accident register, but the defendants have only produced a portion of it. Please produce the accident register for the three years prior to January 17, 2007.



E-MAILED
8-21-08

Jack J. Hall, Jr., Esq.
August 21, 2008
Page Two

*Request for Production Number 5* seeks leases or contracts concerning the tractor on the date of the accident. Please produce an exemplar of the lease which has been discussed in depositions.

*Request for Production Number 13* asks for all log books on Robinson and the defendants have produced only a tiny portion of them. Please produce all the log books for six months before the collision and 30 days after the collision.

*Request for Production Number 28* asks for the defendants' insurance policies and these have never been produced. Please produce the policies immediately. The policies should have been produced in defendants' initial disclosures.

In *Plaintiffs' Supplemental Request for Production (Number 35,* filed June 30, 2008), the plaintiffs ask for copies of any documents that have been received by the defendants from a non-party, especially from any former or current employer of Wendy Wilker and any health care provider of Wendy Wilker. The defendants' response states that these documents are work product and, therefore, privileged. Since the defendants take that position, this will serve to request, pursuant to Rule 26(b)(5) that the defendants provide a privilege log identifying the documents referenced in defendants' objection.[1]

*Plaintiffs' Supplemental Request for Production to Defendants (Numbers 36-42,* filed June 30, 2008): The defendants have filed no response whatsoever to this request although the time expired on July 31st. Please file responses to this request for production immediately.

As you will recall, you have requested extensions on responding to the discovery on July 31st, August 8th, and August 12th, and I have agreed to every one of your requests for an extension.

---

[1](5)    ***Claiming Privilege or Protecting Trial-Preparation Materials***:

(A)    *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i)    expressly make the claim; and

(ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Jack J. Hall, Jr., Esq.
August 21, 2008
Page Three

Yesterday, I sent you an e-mail asking that you bring several documents, specifically Loper's roll-up map, the exemplar lease, which you have been promising, the certificate of title on the vehicle, the 27 photographs Willie Murray Robinson said he took, and the accident register referenced by Wendy Amram, but you did not produce any of those documents. Since the time for completing discovery in the case is short, the pre-trial is coming up next week, and I have already agreed time and again to your numerous requests for extensions on discovery, I will have to file a motion to compel and for sanctions unless these documents are received by e-mail or fax, to be followed up with more legible copies, if needed, by the close of business tomorrow.

Yours truly,

David E. Allred

DEA/bgf
Attachments

## David Allred

| | |
|---|---|
| **From:** | David Allred |
| **Sent:** | Tuesday, August 12, 2008 4:13 PM |
| **To:** | 'Jack Hall, Jr' |
| **Cc:** | Craig Allred |
| **Subject:** | RE: Wilker v. US Services; Robinson |

Jack: This confirms our conversation yesterday in Columbus, GA during which you requested an additional day, until 8-12-08, to file responses to plaintiffs' discovery which request I agreed to and also confirms your phone call to me a few minutes ago in which you requested another day, until 8-13-08 to file the responses to which I have also agreed. David

---

**From:** David Allred
**Sent:** Friday, August 08, 2008 4:16 PM
**To:** 'Jack Hall, Jr'
**Cc:** Craig Allred
**Subject:** RE: Wilker v. US Services; Robinson

Jack : This confirms your call of this afternoon to me during which you requested another extension, through Monday, August 11th for defendants to send the rest of the responses and that I have agreed to your request. David

---

**From:** David Allred
**Sent:** Thursday, July 31, 2008 3:40 PM
**To:** 'Jack Hall, Jr'
**Cc:** Craig Allred
**Subject:** Wilker v. US Services; Robinson

Jack: This follows your phone call to me this afternoon during which you requested an extension through and including Friday, August 8th for defendants to file responses to all of plaintiffs' outstanding discovery requests and will confirm that I have agreed to your request. David

David E. Allred
**Allred & Allred, P.C.**
7030 Fain Park Drive, Suite 9
Montgomery, Alabama 36117
Telephone:   334-396-9200
Facsimile:   334-396-9977
E-Mail:       dallred@allredpclaw.com

**EXHIBIT**

**D-1**

## David Allred

**From:**    David Allred
**Sent:**    Wednesday, August 20, 2008 3:09 PM
**To:**    'Jack Hall, Jr'
**Cc:**    Craig Allred
**Subject:** Wilker v. US Services; Robinson

Jack:
Please bring the following items to our office when you come tomorrow:

1. The **roll up map**, drawing or document that Loper had with him at his deposition.

2. The **exemplar lease** that you have been promising to send me.

3. The **certificate of title** on the tractor identified in the AUTAR (Trooper Report)

4. The **27 photographs** referred to in Willie Murray Robinson's deposition on pages 163-164.

5. The **accident register** referred to in Wendy Amram's deposition on pages 150-155.
Thanks you,
David


David E. Allred
**Allred & Allred, P.C.**
7030 Fain Park Drive, Suite 9
Montgomery, Alabama 36117
Telephone:    334-396-9200
Facsimile:    334-396-9977
E-Mail:    dallred@allredpclaw.com


EXHIBIT

**D-2**