IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILKER and <br> MICHAEL WILKER, <br>     *Plaintiffs,* <br> vs. <br> U S SERVICES, LLC; <br> WILLIE MURRAY ROBINSON, *et al.,* <br>     *Defendants.* | CASE NO. 2:07-cv-00232-MEF |

## JOINT ORDER ON PRETRIAL HEARING

A pre-trial hearing was held in this case on August 28, 2008, wherein the following proceedings were held and action taken:

1. **PARTIES AND TRIAL COUNSEL**:

    a. Plaintiffs Wendy Wilker and Michael Wilker will be represented at trial by David E. Allred and D. Craig Allred of ALLRED & ALLRED, P.C.

    b. Defendants US Services, LLC and Willie Murray Robinson will be represented at trial by Jack J. Hall, Jr., of HALL, CONERLY & BOLVIG, P.C.

    **COUNSEL APPEARING AT PRE-TRIAL CONFERENCE**:

    Same as trial counsel.

2. **JURISDICTION AND VENUE**:

    Jurisdiction and venue are admitted by the parties. This Court has subject

matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

3.  **CONTENTIONS OF THE PARTIES**:

   a.  **Contentions of the plaintiff**:

   Plaintiffs Wendy Wilker and Michael Wilker contend that on the night of January 17, 2007, Wendy Wilker was driving her automobile headed south on County Road 37, a public highway in Burkeville, Lowndes County, Alabama, when she was involved in a collision with an 18-wheeler rig owned by or operated for the benefit of Defendants US Services, LLC and/or Willie Murray Robinson. Plaintiff contends that Willie Murray Robinson was acting within the line and scope of his duties as an agent, servant, or employee of US Services, LLC and that he illegally parked a large tractor-trailer rig on County Road 37 completely blocking the lane of travel of Wendy Wilker. Willie Murray Robinson had stopped the 18-wheeler rig and exited the tractor of the rig and was using his headlights on the tractor to fill out his log book. The plaintiff contends that she was operating her vehicle in a lawful manner within the applicable speed limit and that, as she approached the defendants' vehicle, which was blocking her lane, there was another 18-wheeler approaching the defendants' vehicle from the south, traveling in a northerly direction, toward the stopped vehicle of Defendants Robinson and US Services, LLC and the plaintiff's vehicle, which was approaching the stopped vehicle. Plaintiffs contend that Willie Murray Robinson was negligent or wanton in parking his 18 wheeler tractor trailer rig in Wendy Wilker's lane of travel at night, in violation of Alabama Rules of the Road and Alabama law. Defendant US Services, LLC is liable to the plaintiffs for the negligence or

wantonness of Willie Murray Robinson since Robinson was acting as its agent or servant at the time of the collision. Defendant US Services has ratified and acquiesced in the acts of Willie Murray Robinson. Under the Federal Motor Carrier Safety Regulations, US Services was responsible for insuring that drivers acting under the DOT authority of US Services, complied with the DOT regulations and rules of the road for safe operation. US Services negligently or wantonly failed or refused to train, monitor, and supervise drivers such as Robinson who US Services knew or should have known did not properly fill out log books or keep the equipment in safe condition. US Services negligently entrusted the load and rig to Robinson by allowing Robinson to run under the DOT authority of US Services. Due to the negligence or wantonness of US Services, Robinson stopped the rig illegally because of a maintenance issue. The combined and concurring negligence or wantonness of Robinson and US Services caused the injuries to the plaintiffs. The plaintiff was unable to avoid the defendants' stopped 18-wheeler and a collision ensued. The defendants have destroyed and/or failed to preserve relevant documents regarding Defendant Robinson's time in service (DOT Logs) and his relationship with US Services.

Plaintiff Wendy Wilker suffered extensive fractures to both legs and feet, which caused her to be hospitalized for approximately three months, to undergo three surgical procedures. Plaintiff Wendy Wilker has also been treated by Dr. Glenn C. Terry and Dr. Matt Tucker at the Hughston Clinic in Columbus, Georgia, who performed two additional surgical procedures, and she has been caused to incur vast sums of medical bills and expenses for treatment of her injuries. Dr. Terry has advised Wendy Wilker that, more

likely than not, she will have to have a replacement of the knee joint in the future. Plaintiff Wendy Wilker seeks damages for medical expenses, past and future, pain and suffering, physical impairment, permanent injury and disfiguration, mental anguish, as well as future pain and suffering regarding the additional procedures that she will be forced to undergo due to the negligence or wantonness of the defendants.

Plaintiff Michael Wilker seeks damages for loss of consortium.

    b.    **Contentions of the defendants:**

The defendants in this case claim that Ms. Wendy Wilker was guilty of contributory negligence on the occasion of her accident. Ms. Wilker failed to keep a proper lookout and failed to anticipate the hazard in her range of vision. The truck had reflective tape and taillights which are seen in photographs taken by the State Troopers and Ms. Wilker should have been able to avoid the accident had she kept a proper lookout. She had the last clear chance to avoid the accident.

4. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

   (1) Defendant US Services, LLC is properly named.

   (2) Defendant Willie Murray Robinson is properly named.

   (3) The plaintiffs are not seeking lost wages.

   (4) Defendant Willie Murray Robinson was acting as the agent or servant of Defendant US Services at the time of the collision.

   (5) (a) Counsel for plaintiffs agrees to refrain from mentioning this stipulation or any agreement between counsel to the effect that

      the parties have agreed to introducing the medical charges.

  (b) Plaintiffs' counsel may introduce the fact that Mrs. Wilker incurred medical charges totaling $161,584.00, which was submitted to BlueCross BlueShield. Either party may introduce the fact that the healthcare providers agree to accept $53,505.61 as payment in full from BlueCross BlueShield after write-offs and deductions and, as a result, Mrs. Wilker does not owe any medical expenses to any healthcare providers, but does owe up to $53,505.61 to BlueCross BlueShield if she makes a recovery in this case.

  (c) Plaintiffs' counsel understands that defense counsel does not agree that the charges totaling $161,584.00 are reasonable.

It is **ORDERED** that:

(1) The jury selection and trial of this cause, which is to last two to three (2-3) days, are set for September 29, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by September 22, 2008;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

  (5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #42) entered by the court on February 25, 2008;

  (6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

  DONE this the 5th day of September, 2008.

                /s/ Mark E. Fuller
                CHIEF UNITED STATES DISTRICT JUDGE